# EXHIBIT A

11/7/2019 2:27 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38317693
By: Carolina Salgado
Filed: 11/7/2019 2:27 PM

CAUSE NO. _____

| | | |
|---|---|---|
| BRYAN WEISNER AND ASHLEY BOATMAN, | § § § | IN THE JUDICIAL COURT OF |
| *Plaintiffs,* | § § | |
| V. | § § | HARRIS COUNTY, TEXAS |
| AMICA PROPERTY AND CASUALTY INSURANCE COMPANY AND LOYDA ISELA RODRIGUEZ, | § § § § § | |
| *Defendant.* | § | _____ DISTRICT COURT |

## PLAINTIFFS ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Bryan Weisner and Ashley Boatman, ("Plaintiffs"), and files **Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure**, complaining of Amica Property and Casualty Insurance Company ("Amica") and Loyda Isela Rodriguez ("Rodriguez") (or collectively "Defendants") and for cause of action, Plaintiffs respectfully show the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiffs intend to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4.

### PARTIES

2.    Plaintiffs, Bryan Weisner and Ashley Boatman, resides in Harris County, Texas.

3.    Defendant, Amica Property and Casualty Insurance Company, is a foreign insurance company, engaged in the business of insurance in the State of Texas. Plaintiffs request service of citation upon Amica, through its registered agent for service: **c/o Robert R. Foss, Jr., 2150 Town Square Place, Suite 600, Sugar Land Texas 77479-1465**.

Plaintiffs request service at this time.

4.   Defendant Loyda Isela Rodriguez is an individual resident of Sugar Land, Texas. Rodriguez may be served with citation at the address listed with the Texas Department of Insurance: **2150 Town Square Place, Suite 600, Sugar Land, Texas 77479-1465**. Plaintiffs request service at this time.

## JURISDICTION

5.   The Court has jurisdiction over Amica because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Amica's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

6.   The Court has jurisdiction over Rodriguez because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Harris County, Texas, with reference to this specific case.

## VENUE

7.   Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8.   Plaintiffs assert claims for breach of contract, common law bad faith, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

9.   Plaintiffs own an Amica Property and Casualty Insurance Company insurance policy,

2

number 69044231BK ("the Policy").  At all relevant times, Plaintiffs owned the insured premises located at 6502 Twin Leaf Drive Spring, Texas 77379 ("the Property").

10.    Amica Property and Casualty Insurance Company or its agent sold the Policy, insuring the Property, to Plaintiffs.  Amica Property and Casualty Insurance Company represented to Plaintiffs that the Policy included hail and windstorm On or about May 26, 2018, the Property sustained extensive damage resulting from a severe storm that passed through the Spring/Harris County, Texas area.

11.    In the aftermath of the hail and windstorm, Plaintiffs submitted a claim to Amica against the Policy for damage to the Property.  Amica assigned claim number 60003450378 to Plaintiffs claim.

12.    Plaintiffs asked Amica to cover the cost of damage to the Property pursuant to the Policy.

13.    Amica hired or assigned its agent, Rodriguez, to inspect and adjust the claim.  Rodriguez conducted an inspection.  Rodriguez's found no damage to Plaintiffs' Property. Plaintiffs were left without adequate funds to make repairs on the entirety of their claim.

14.    Amica, through its agent, Rodriguez, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

15.    Amica and Rodriguez have ultimately refused full coverage which includes, but is not limited to, replacement of the roof and additional interior damage. Specifically, Rodriguez found no damage to Plaintiffs' roof. The third-party inspector hired to review the damage to the Property found damage to the roof, vents, flashings, gutters, and downspouts. The storm compromised the integrity of the roof allowing water to enter, causing water damage

3

to the following areas of the interior: office, living room, child room, and bathroom.

16. The damage to Plaintiffs Property is currently estimated at $24,239.10.

17. Rodriguez had a vested interest in undervaluing the claims assigned to him by Amica in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of the third-party inspector's as well as the difference in valuation is evidence of unfair claims handling practices on the part of Rodriguez.

18. Furthermore, Rodriguez was aware of Plaintiffs' deductible prior to inspecting the Property. Rodriguez had advanced knowledge of the damages he needed to document in order to be able to deny the claim.

19. Rodriguez misrepresented the actual amount of damage Plaintiffs Property sustained in addition to how much it would cost to repair the damage. Rodriguez made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiffs would rely on his expertise and accept the bad faith estimate as a true representation of the damages.

20. After reviewing Plaintiffs' Policy, Rodriguez misrepresented that the damage was caused by non-covered perils. Rodriguez used his expertise to fabricate plausible explanations for why visible damage to Plaintiffs Property would not be covered under the policy.

21. As stated above, Amica and Rodriguez improperly and unreasonably adjusted Plaintiffs claim. Without limitation, Amica and Rodriguez misrepresented the cause of, scope of, and cost to repair damages to Plaintiffs Property, as well as the amount of insurance coverage for Plaintiffs claim or loss under the Policy.

22. Amica and Rodriguez made these and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Amica

4

and Rodriguez made these false representations with the intent that Plaintiffs act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared Rodriguez.

23.     Plaintiffs relied on Amica and Rodriguez's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiffs Property. Plaintiffs' damages are the result of Plaintiffs' reliance on these misrepresentations.

24.     Upon receipt of the inspection and estimate reports from Rodriguez, Amica failed to assess the claim thoroughly.  Based upon Rodriguez's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Amica failed to provide coverage due under the Policy, and Plaintiffs suffered damages.

25.     Because Amica and Rodriguez failed to provide coverage for Plaintiffs' insurance claim, Plaintiffs have been unable to complete any substantive repairs to the Property.  This has caused additional damage to Plaintiffs Property.

26.     Furthermore, Amica and Rodriguez failed to perform their contractual duties to Plaintiffs under the terms of the Policy.  Specifically, Rodriguez performed an unreasonable and substandard inspection that allowed Amica to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiffs.

27.     Amica and Rodriguez's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas

5

Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiffs.

28.    Amica and Rodriguez's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a) (1).  Amica and Rodriguez have failed to settle Plaintiffs claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Specifically, Amica and Rodriguez have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiffs by failing to timely pay Plaintiffs coverage due under the Policy.

29.    Amica and Rodriguez's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A).  Amica and Rodriguez failed to provide Plaintiffs a reasonable explanation for underpayment of the claim.

30.    Additionally, after Amica received statutory demand on or about July 24, 2019, Amica has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs claim properly.

31.    Amica and Rodriguez's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a) (4).  Rodriguez performed a biased and intentionally substandard inspection designed to allow Amica to refuse to provide full coverage to Plaintiffs under the Policy.

32.    Specifically, Amica and Rodriguez performed an outcome-oriented investigation of Plaintiffs' claims, which resulted in a biased, unfair, and inequitable evaluation of

6

Plaintiffs' losses on the Property.

33.   Amica's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Due to Rodriguez's subpar inspection, Amica failed to reasonably accept or deny Plaintiffs full and entire claim within the statutorily mandated time after receiving all necessary information.

34.   Amica's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to Rodriguez's intentional undervaluation of Plaintiffs' claims, Amica failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Rodriguez's understatement of the damage to the Property caused Amica to delay full payment of Plaintiffs claim longer than allowed, and Plaintiffs have not received rightful payment for Plaintiffs claim.

35.   Amica and Rodriguez's wrongful acts and omissions have forced Plaintiffs to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT
## AMICA MUTUAL INSURANCE COMPANY

36.   All paragraphs from the fact section of this petition are hereby incorporated into this section.

## BREACH OF CONTRACT

37.   Amica is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Amica and Plaintiffs.

7

38.     Amica's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Amica's insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

39.     Amica's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

40.     Amica's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

41.     Amica's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Amica's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

42.     Amica's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

43.     Amica's unfair settlement practice of refusing to pay Plaintiffs full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:

8

## THE PROMPT PAYMENT OF CLAIMS

44.     Amica's conduct constitutes multiple violations of the Texas Insurance Code, Prompt
        Payment of Claims.  All violations made under this article are actionable under TEX. INS.
        CODE §542.060.

45.     Amica's delay in paying Plaintiffs' claim following receipt of all items, statements, and
        forms reasonably requested and required, for longer than the amount of time provided,
        constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

46.     Amica's conduct constitutes a breach of the common law duty of good faith and fair dealing
        owed to an insured in insurance contracts.

47.     Amica's failure to adequately and reasonably investigate and evaluate Plaintiffs' claim,
        even though Amica knew or should have known by the exercise of reasonable diligence
        that liability was reasonably clear, constitutes a breach of the duty of good faith and fair
        dealing.

## DTPA VIOLATIONS

48.     Amica's conduct constitutes multiple violations of the Texas Deceptive Trade Practices
        Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiffs are consumers of goods
        and services provided by Amica pursuant to the DTPA.  Plaintiffs have met all conditions
        precedent to bring this cause of action against Amica.  Specifically, Amica's violations of
        the DTPA include, without limitation, the following matters:

        A.      By its acts, omissions, failures, and conduct, Amica has violated sections
                17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  Amica's violations

9

include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B.    Amica represented to Plaintiffs that the Policy and Amica's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C.    Amica represented to Plaintiffs that Amica's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.    Amica advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.    Amica breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiffs to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F.    Amica's actions are unconscionable in that Amica took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Amica's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a) (3) of the DTPA; and

G.     Amica's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

49.    Each of the above-described acts, omissions, and failures of Amica is a producing cause of Plaintiffs' damages.   All of Amica's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## CAUSES OF ACTION AGAINST DEFENDANT LOYDA ISELA RODRIGUEZ

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

50.    All allegations above are incorporated herein.

51.    Rodriguez's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act.   TEX. INS. CODE §541.060(a).

52.    Rodriguez is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Amica, because Rodriguez is a "person," as defined by TEX. INS. CODE §541.002(2).

53.    Rodriguez knowingly underestimated the amount of damage to the Property.   As such, Rodriguez failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy.   TEX. INS. CODE §542.003(3).

54.    Furthermore, Rodriguez did not attempt in good faith to affect a fair, prompt, and equitable settlement of the claim.   TEX. INS. CODE §542.003(4).

55.    Rodriguez's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law,

for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice. TEX. INS. CODE §541.060(a)(3).

56.    Rodriguez's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

57.    All allegations above are incorporated herein.

58.    Rodriguez's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiffs are a consumer of goods and services provided by Rodriguez pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against Rodriguez. Specifically, Rodriguez's violations of the DTPA include the following matters:

A.    By this Defendant's acts, omissions, failures, and conduct, Rodriguez has violated sections 17.46(b)(2), (5), and (7) of the DTPA. Rodriguez's violations include (1) failure to give Plaintiffs the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiffs Property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B.    Rodriguez represented to Plaintiffs that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

12

C.   Rodriguez represented to Plaintiffs that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.   Rodriguez's actions are unconscionable in that Rodriguez took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Rodriguez's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

E.   Rodriguez's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

59.   Each of Rodriguez's above-described acts, omissions, and failures is a producing cause of Plaintiffs' damages.  All acts, omissions, and failures were committed "knowingly" and "intentionally" by Rodriguez, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

## KNOWLEDGE

60.   Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

13

## WAIVER AND ESTOPPEL

61.    Defendants waived and are estopped from asserting any coverage defenses, conditions,
exclusions, or exceptions to coverage not contained in any reservation of rights letter to
Plaintiffs.

## DAMAGES

62.    The damages caused to the Property have not been properly addressed or repaired since the
claim was made, causing further damage to the Property, and undue hardship and burden
to Plaintiffs.  These damages are a direct result of Defendants' mishandling of Plaintiffs'
claims in violation of the laws set forth above.

63.    Plaintiffs currently estimate that actual damages to the Property under the Policy are
$24,239.10.

64.    Plaintiffs would show that all of the aforementioned acts, taken together or singularly,
constitute the producing causes of the damages sustained.  The above-described acts,
omissions, failures, and conduct of Defendants have caused Plaintiffs' damages, which
include, without limitation, the cost to properly repair Plaintiffs Property and any
investigative and engineering fees incurred.

65.    For breach of contract, Plaintiffs are entitled to regain the benefit of his bargain, which is
the amount of his claims, consequential damages, together with attorney's fees.

66.    For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices,
Plaintiffs are entitled to actual damages, which include the loss of benefits owed pursuant
to the Policy, mental anguish, court costs, and attorney's fees.  For knowing and intentional

conduct of the acts described above, Plaintiffs ask for three (3) times his actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

67.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of his claims, plus an eighteen percent (10%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

68.     For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Amica owed, exemplary damages, and damages for emotional distress.

69.     Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

70.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the

reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

71.     As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(4) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seeks only monetary relief of no less than $100,000.00, but no more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

72.     Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs request that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

73.     Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiffs hereby tender the appropriate jury fee.

## PRAYER

Plaintiffs pray that Defendants, Amica Mutual Insurance Company and Loyda Isela Rodriguez, be cited and served to appear and that upon trial hereof, Plaintiffs, Bryan Weisner and Ashley Boatman recover from Defendant, Amica Mutual Insurance Company and Loyda Isela

Rodriguez such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found.  In addition, Plaintiffs requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiffs may show himself justly entitled.

Respectfully submitted,

CHAD T. WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Tara L. Peveto
Bar No. 24076621
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
tpeveto@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFFS

Receipt Number: 851385
Tracking Number: 73694125

COPY OF PLEADING PROVIDED BY PLT

CAUSE NUMBER: 201981078

PLAINTIFF: WEISNER, BRYAN

vs.

DEFENDANT:   AMICA   PROPERTY   AND   CASUALTY
INSURANCE COMPANY

In the 295th Judicial

District Court of

Harris County, Texas

CITATION

THE STATE OF TEXAS
County of Harris

TO: RODRIGUEZ, LOYDA ISELA

2150 TOWN SQUARE PLACE SUITE 600

SUGAR LAND TX 77479 1465

    Attached is a copy of PLAINTIFFS ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE.

This instrument was filed on November 7, 2019, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED.   You may employ an attorney.   If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

    ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this November 7, 2019.



Marilyn Burgess

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: CAROLINA SALGADO

Issued at request of:
Wilson, Chad T
455 EAST MEDICAL CENTER BLVD SUITE 555
WEBSTER, TX   77598-0000
832 415 1432

Bar Number: 24079587

Tracking Number: 73694125

CAUSE NUMBER: 201981978

PLAINTIFF: WEISNER, BRYAN

   vs.

DEFENDANT: AMICA   PROPERTY   AND   CASUALTY
INSURANCE COMPANY

In the 295th

Judicial District Court

of Harris County, Texas

---

OFFICER/AUTHORIZED PERSON RETURN

Came   to   hand   at   _____o'clock   ____.   M.,   on   the   _____   day   of
_____, 20_____.

Executed at  (address)  _____
in __ _____ County
at   _____   o'clock   ____.   M.,   on   the   _____   day   of
_____, 20 _____,
by delivering to _____ defendant,
in person, a true copy of this
Citation   together   with   the   accompanying   _____   copy(ies)   of   the
_____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.

To   certify   which   I   affix   my   hand   officially   this   _____   day   of
_____, 20 _____.

FEE:  $ _____

_____ of _____

County, Texas

_____           By: _____
     Affiant                                     Deputy

On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared.  After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN   TO   AND   SUBSCRIBED   BEFORE   ME   on   this   _____   of
_____, 20 _____

_____
    Notary Public